THE FARMERS' TRUST COMPANY, *a corporation organized and existing under and by virtue of the laws of the State of Iowa,* v. LYMAN D. TREEMAN.

(Filed June 8, 1903.)

**APPLICATION FOR A NEW TRIAL ON THE GROUNDS OF NEWLY DISCOVERED EVIDENCE—How and When Application Should be Filed.** An application for a new trial on the grounds of newly discovered evidence, made at a subsequent term from that at which judgment was rendered, must be made by petition filed as in other causes, on which summons must issue, be returnable and served, or publication made, as prescribed in section 71 of the code of civil procedure of the Revised Statutes of 1893; but where application is made and the record as presented to the supreme court does not show whether the same was made at the same term at which judgment was rendered, or at a subsequent term, and where such motion is supported by affidavit, and the new trial granted by the court, this court will presume that the application was made at the same term at which the judgment was rendered, all presumptions to be in favor of the action of the trial court in sustaining such motion.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

*H. B. Martin, Walter B. Paschall* and *Charles R. Bostick, Jr.,* for plaintiff in error.

*J. B. Diggs* and *P. W. Cress,* for defendant in error.

### STATEMENT OF FACTS.

The case was commenced by the plaintiff in error in the probate court of Noble county, Oklahoma Territory, on the

31st day of May, 1899, summons was issued and served on defendant in error, issues were joined, and the cause came on for hearing before the judge of said court, Feb. 19, 1901, and judgment rendered.

Appeal was regularly taken to the district court of Noble county, Oklahoma Territory, came on in that court for hearing on the 18th day of May, 1901, and by direction of the court, the jury returned a verdict in favor of plaintiff in error for $1,102.59.

On the 28th day of May, 1901, the defendant filed his motion for a new trial, on the grounds of newly discovered evidence.

On the 11th day of June, 1901, the court overruled said motion for a new trial, and rendered judgment on the verdict in favor of plaintiff. Afterwards, to-wit: On the 25th day of July, 1901, the defendant filed his second motion for a new trial, on the grounds of newly discovered evidence, supporting said motion by his own affidavit, and the affidavit of J. C. Held. Plaintiff in error resisted said motion, and introduced the affidavit of Walter B. Paschall.

On the 3rd day of December, 1901, the same being a regular judicial day of the December term, 1901, the court sustained said motion for a new trial, to which action of the court in sustaining said motion, and granting said new trial, the defendant excepted, now excepts, assigns the same as error, and brings the case here for review. Affirmed.

Opinion of the court by

IRWIN, J.: The plaintiff in error insists upon a reversal of this case upon three grounds:

1.   The court has no jurisdiction to set aside the judgment rendered at the previous term, on the affidavits filed in said cause.

2.   The affidavits filed by the defendant show an entire want of diligence, and no effort to procure the evidence which he claimed to be newly discovered.

3.   The evidence presented in the affidavit filed by defendant for a new trial upon the ground that such evidence was newly discovered, is wholly incompetent; it consisted entirely of privileged communications between the Farmers Trust company and J. C. Held, when the relation of attorney and client existed between them.

We think it only necessary to discuss the first and third of these assignments of error, as the second assignment is of matters which rest entirely within the sound discretion of the trial judge, and the rule of this court is that cases will not be reversed on matters which rest entirely in the discretion of the trial court unless it is apparent that there has been an abuse of that discretion; and we think on examination of this record, that there was sufficient diligence shown to authorize the court, in the exercise of a reasonable discretion, to grant a new trial.

The first assignment of error, to-wit: That the court had no jurisdiction at a subsequent term to grant a new trial on the grounds of newly discovered evidence on motion and affidavit, were no doubt all correct, if the application for a new trial on such grounds was made at such subsequent term. This assignment of error is no doubt based upon section 322 of the code of civil procedure:

"Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict      *      *      *
was rendered      *      *      the application may be made by petition filed as in other cases, not later than the second term after discovery, on which summons shall issue, be returnable and served, or publication made as prescribed in section 74."

It will be discovered by the language of this section that it refers to the time and manner of making the application, and not to the time of the rendering of the decision of the court on the motion.

Now, an examination of this record will show that this second application, which was granted by the court and which was assigned as error, was filed in the district court on the 25th day of July, 1901. There is nothing to show by this record whether at this time, the May term of the district court of Noble county, had or had not adjourned. The record is silent as to whether this application was made during said May term, or after its adjournment; but the fact that this application was made and supported by affidavits according to the provisions of section 320-321 of the code of civil procedure, and the further fact that said application was taken up and decided by the court, would authorize this court to indulge in the presumption that the application was filed during the May term, because we take the doctrine to be well settled that no presumptions not supported by the record or the evidence as shown in the case-made, will be indulged in against the validity of the action of the court. And this record does not show affirmatively that this application was not made during the same term at which the judgment sought to be set aside was rendered. This court will presume, i[...]

the absence of such showing, that it was made in the regular way, and at the proper time.

The third assignment of error, to-wit: That the evidence contained in the affidavit of Held was a privileged communication, we do not think is tenable. It is true as a matter of law that many communications between attorney and client are of that privileged nature that it would be improper to allow them to be disclosed as evidence in court, but we take it that the evidence set up in this affidavit is not of that character. To hold that it was, would be to pervert the ends of justice, and deprive parties of their legal rights. This evidence was not communications of a private nature made by the client to his attorney, but was rather in the nature of directions to him in the management and conducting of litigation in which he was acting as an attorney.

It is not consistent with the sound principles of equity, or with the well recognized principles of law, that an attorney can, by the express directions of his client, make promises to the opposite counsel and enter into an arrangement with the opposing party, and by such promises and arrangements secure a judgment in a court of law and then when such promises and arrangements have been violated, be protected from testifying as to such promises and arrangements which have been relied upon by the opposite party and his counsel, under the excuse that they are privileged communications. Such a holding would be too destructive of justice, honesty and fair dealing, to be supported by any court.

For the reasons herein expressed, having fully examined the record, and finding no error therein, the decision of the

district court will be affirmed, at the cost of the plaintiff in error.

Hainer, J., who presided in the court below, and Pancoast J., having been of counsel in the district court, not sitting; all the other Justices concurring.